UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| POGGIO LP, a California limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>CASA MADRONA HOTEL AND SPA, LLC, a California limited liability company, TERRA RESORT GROUP, LLC, a Wyoming limited liability company, and DOES 1-20,<br><br>Defendants. | Case No: C 10-04912-SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>[Docket 10] |

The instant action arises from a lease dispute between Plaintiff Poggio, L.P. ("Poggio" or "Plaintiff") and its landlord and the landlord's parent company, Defendants Casa Madrona Hotel and Spa, L.L.C. ("CMHS") and Terra Resort Group, L.L.C., respectively. Defendants removed the action on the ground that Plaintiff's cause of action for declaratory relief, in part, arises under federal law. The parties are presently before the Court on Plaintiff's Motion to Remand. Dkt. 10. Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby DENIES Plaintiff's motion. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. R. 7-1(b).

I. **BACKGROUND**

    A.    FACTUAL SUMMARY

In 2002, Plaintiff entered into a commercial lease ("Lease") with Oly Casa Madrona, L.L.C. ("Oly") to operate a restaurant in the Casa Madrona Hotel ("Hotel") in Sausalito, California. Compl. ¶ 10.[1] Oly sold the Hotel in 2005 to MHG Casa Madrona Hotel, L.L.C. ("MHG"). Id. ¶ 12. MHG financed its purchased through a loan from Georgia-based Integrity Bank. Id. ¶ 13. In 2008, the State of Georgia Department of Banking and Finance closed Integrity Bank, resulting in the Federal Deposit Insurance Corporation ("FDIC") being appointed as the bank's receiver. Id. In 2009, the FDIC filed suit against MHG in federal court "seeking appointment of a receiver and injunctive relief to facilitate a non-judicial foreclosure of MHG's interest in the Hotel." Id. In turn, MHG filed a Chapter 11 bankruptcy petition. Id. The FDIC obtained relief from an automatic bankruptcy stay and sold the Hotel to Defendant CMHS in 2010. Id.

In the course of the MHG bankruptcy proceeding, the trustee, at the request of CMHS, filed a motion under 11 U.S.C. § 365 ("Section 365"), to discharge Plaintiff's unexpired Lease. Compl. ¶ 14. The bankruptcy court granted the motion and ruled that "the Plaintiff Lease is hereby rejected effective as of April 2, 2010." Id. Following that ruling, CMHS began demanding that Plaintiff vacate the Hotel. Id. ¶ 15. According to Plaintiff, "[d]espite the clear and unambiguous language in Section 365(h)(1) of the Bankruptcy Code, entitling Plaintiff to continuing occupancy of the Restaurant . . . CMHS's attorneys sent Plaintiff successive letters informing it that since the Lease had been rejected by the bankruptcy court, Plaintiff no longer had any right to use or occupy the Restaurant, and that Plaintiff was required to vacate the Restaurant . . . ." Id. ¶ 16. Later, "CMHS transmitted to Plaintiff a Notice to Pay Rent or Quit that stated the estimated rent due was $60,006.35 . . . ." Id. 16c. In response, "Plaintiff's counsel wrote CMHS that that the offsets to rent to which Plaintiff was entitled under Section 365(h)(1) of the Bankruptcy

---

[1] Plaintiff's Complaint is attached as Exhibit A to Defendants' Notice of Removal, Dkt. 1.

Code and the Lease exceeded CMHS's estimate of the rent due," making its notice defective. Id.

B. **PROCEDURAL HISTORY**

On September 17, 2010, Plaintiff filed suit in the Marin County Superior Court against Defendants, alleging seven causes of action for  (1) declaratory relief, (2) breach of the Lease, (3) breach of the covenant of quiet enjoyment, (4) trespass, (5) wrongful eviction, (6) intentional interference with prospective economic advantage, and (7) injunctive relief.  In the first cause of action for declaratory relief, "Plaintiff contends that Poggio has certain rights regarding the Restaurant and defendants dispute those rights." Compl. ¶ 20.  Among the various disputes alleged is Plaintiff's claim that "it has the right to an offset against its rent under the Lease, in accordance with Section 365(h)(1) of the U.S. Bankruptcy Code[.]" Id. ¶ 20b.  In its prayer for relief, Plaintiff seeks "a judicial declaration that Poggio has the right to offset against its rent due under the Lease, in accordance with the Lease and Section 365(h)(1) of the U.S. Bankruptcy Code, . . . ." Id. at 13.

Defendants removed the action to federal court on October 29, 2010.  Dkt. 1.  The Notice of Removal avers that "[p]ursuant to 28 U.S.C. Section 1441(b), the State Court Action is based on, inter alia, a claim or right arising under the laws of the United States, i.e., the Bankruptcy Code, as Poggio invokes Section 365 as the basis for the judicial declaration it seeks regarding its alleged rights following the rejection of the Lease in the Bankruptcy Case." Notice of Removal ¶ 3.  Plaintiff now moves to remand the action on the ground that its declaratory relief claim does not arise under federal law.  In its reply, Plaintiff also presents a new argument that a state court ruling in a related unlawful detainer action involving the parties establishes that the offset dispute is not based on federal law. The matter has been fully briefed and is ripe for adjudication.

II. **LEGAL STANDARD**

A motion for remand is the proper procedure for challenging removal.  Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal

procedure. See 28 U.S.C. § 1447(c).  "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008).  "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).  As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

### III.  DISCUSSION

#### A.  DECLARATORY RELIEF CLAIM

"A defendant may remove an action originally filed in state court only if the case originally could have been filed in federal court." In re NOS Commc'ns, MDL No. 1357, 495 F.3d 1052, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1441(a), (b)).  "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006).  Section 1331 confers federal question jurisdiction in "all civil actions *arising under* the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added).  The "arising under" qualification of § 1331 confers district courts with jurisdiction to hear "[o]nly those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Armstrong v. N. Mariana Islands, 576 F.3d 950, 954-55 (9th Cir. 2009) (internal quotations omitted).  In other words, the federal law must be a "necessary element" of the state law claim. Id.  However, "[w]hen a claim can be supported by alternative and independent theories—one one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains v. Criterion Sys., Inc., 80 F.3d 339, 345-46 (9th Cir. 1996)

There is no dispute between the parties that the first cause of action for declaratory relief alleges a claim that Plaintiff is entitled to an offset with respect to the amount of rent


due under the Lease by operation of Section 365.  Compl. ¶ 20b; see also id. ¶¶ 15, 17c, 17e.  Thus, on its face, Plaintiff's claim raises a substantial federal question.  See <u>ARCO Envtl. Remediation L.L.C. v. Dep't of Health & Envtl. Quality of Mont.</u>, 213 F.3d 1108, 1114 (9th Cir. 2000) (dependence of relief on federal question invokes federal question jurisdiction).  Nonetheless, Plaintiff argues that Section 365 merely serves as "one of two alternative bases for declaratory relief."  Pl.'s Reply at 1, Dkt. 1.  This contention lacks merit.  The allegations set forth in Plaintiff's declaratory relief cause of action expressly state that its claim of offset is based exclusively on Section 365.  Compl. ¶ 20a.  While it is true that in the *prayer* of the Complaint that Plaintiff references the Lease as well as Section 365 as the basis of its offset claim, that reference is in the conjunctive, not the disjunctive.  Specifically, the prayer states that "Poggio has the right to an offset against its rent due under the Lease, in accordance with the Lease *and* Section 365(h)(1) of the U.S. Bankruptcy Code[.]"  Compl. at 13 (emphasis added).  Thus, Section 365 is not an "alternative" basis for relief; rather, is a necessary element of such claim.

   **B.** **UNLAWFUL DETAINER ACTION**

   In its reply, Plaintiff argues for the first time that "Poggio's right to offset its payment of landlord obligations was recently decided in an unlawful detainer action pending between Poggio and CMHS in Marin County Superior Court."  Pl.'s Reply at 1.  Though not entirely clear, Plaintiff appears to suggest that the rent offset dispute is not based on federal law, ostensibly because the state court rendered its ruling without reference to the Bankruptcy Code.  <u>Id.</u>  The Court, however, does not consider arguments that were not specifically presented in the moving papers.  See <u>Zamani v. Carnes</u>, 491 F.3d 990, 997 (9th Cir. 2007).  In any event, whether or not the state court relied upon the

Bankruptcy Code in its ruling does not obviate the fact that Plaintiff has, in fact, expressly relied upon federal law as the basis of its request for declaratory relief in its Complaint.[2]

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion to Remand is DENIED.

2. This Order terminates Docket No. 10.

IT IS SO ORDERED.

Dated: April 7, 2011

                                                       _____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[2] The Court notes that in the event that Plaintiff were to amend its pleadings and dismiss the aspect of its declaratory relief claim that is dependent upon the Bankruptcy Code, the question may arise whether the Court should assert supplemental jurisdiction over the remaining causes of action, which then would be based entirely on state law. See Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) ("A district court 'may decline to exercise supplemental jurisdiction'" if it "has dismissed all claims over which it has original jurisdiction.'"); Cal. Dept. of Water Res. v. Powerex Corp., 533 F.3d 1087, 1091 (9th Cir. 2008) ("Because the Amended Complaint did not present a federal question, the district court had the discretion to decline supplemental jurisdiction.").